UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY, an Indiana
Corporation, and LINCOLN FINANCIAL
ADVISORS CORPORATION, an Indiana
corporation,

        Plaintiffs,

vs.

RODNEY D. ELLIS, a Michigan resident,
and LUCASSE, ELLIS, INC., a Michigan
corporation,

        Defendants.

Case No. 1:04-cv-0251

Hon. Richard Alan Enslen
U.S. District Court Judge

---

John A. Ferroli (P35869)
Andrew J. McGuinness (P42074)
Sarah E. Heineman (P66202)
DYKEMA GOSSETT PLLC
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI 49503-2306
(616) 776-7500

Attorneys for Plaintiffs

---

## EMERGENCY EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, The Lincoln National Life Insurance Company ("Lincoln Life") and Lincoln Financial Advisors Corporation ("Lincoln Financial") (collectively, together with their affiliates, "Lincoln"), through their attorneys Dykema Gossett PLLC, hereby move the Court as follows:

1. Lincoln Life and Lincoln Financial have filed a detailed Complaint against Defendants Rodney D. Ellis ("Ellis") and a company he ran, Lucasse, Ellis, Inc. ("LEI"), alleging Fraud, Breach of Fiduciary Duty, Conversion, Breach of Contract, and Tortious Interference.

2. Lincoln Life and Lincoln Financial are affiliates of Lincoln National Corporation, a diverse financial services company offering life insurance and other insurance products, annuities, brokerage services, and investment advisor services. For many years, Ellis has been an agent for Lincoln Life and a registered representative and investment advisor representative for Lincoln Financial. LEI has also been an agent for Lincoln Life.

3. Ellis has notified Lincoln that he is resigning from Lincoln as April 1, 2004, to join a competitor, Raymond James Financial Services, Inc. ("Raymond James") in West Michigan.

4. This Court has jurisdiction over this matter based upon diversity jurisdiction.

5. In late 2003, Lincoln received information that suggested that Ellis and LEI might be transitioning Lincoln customers to Raymond James while still agents and (in the case of Ellis) a registered representative of Lincoln Life and Lincoln Financial. Such conduct constitutes a serious violation not only of contractual and fiduciary duties owed to Lincoln, but would also violate rules approved by the Securities Exchange Commission that prohibit "selling away."

6. As part of its investigation, Lincoln's attorneys interviewed Marilyn A. Kaye-Kibbey ("Ms. Kaye"), a former employee and shareholder in LEI who at all times worked under the direction of Ellis. This interview resulted in an affidavit attached as Exhibit A to this Emergency Motion. Ms. Kaye worked under Ellis at LEI for many years.

7. The information supplied by Ms. Kaye is most disturbing. Of immediate concern -- and the reason for this Emergency Motion -- are Ms. Kaye's detailed averments of instances in which Ellis and LEI have (i) destroyed Lincoln customer files, records, and data (collectively, "Lincoln Customer Records") (Kaye Aff. ¶ 26, bullet 4); (ii) scanned Lincoln Customer Records onto hard drives or other computer media, removed such records from LEI premises, and told Lincoln auditors that no such records existed (Kaye Aff. ¶ 26, bullet 5); (iii) made arrangements

with H. Scott Dalley ("Dalley"), a computer services and networking consultant, to back up hard drives used by Ellis and LEI personnel and containing Lincoln Customer Records, and to store copies of the such back-ups off site and even out of state with persons having no affiliation with Lincoln (Kaye Aff. ¶26, bullet 6); (iv) taken steps to avoid access by Lincoln auditors to LEI staff (Kaye Aff. ¶26 bullets 7 & 8); (v) working with Dalley, caused historical Lincoln Customer Records (in the form of notes of communications with Lincoln customers that were maintained in client database software supplied by Lincoln) to be "exported" to another program and deleted from the Lincoln client database, in order to avoid their review by Lincoln auditors (Kaye Aff. ¶26, bullet 9); (vi) again working with Dalley, implemented a "kill button" capacity whereby, at Ellis' instruction, Dalley would be able to destroy from a remote location computer databases containing sensitive Lincoln Customer Records (Kaye Aff. ¶26, bullet 10); and (vii) stored Lincoln Customer Records off-site, including in Ellis' basement (Kaye Aff. ¶26, bullet 11).

8. As alleged in the Complaint and as set forth in the contracts attached as Exhibits 1-4 to the Complaint, Lincoln Customer Records are the property of Lincoln.

9. Because of their demonstrated pattern of destroying Lincoln Customer Records, transferring such records to image files, creating external hard drive data back-ups, moving Lincoln Customer Records off-site and to persons not authorized to have possession of such confidential records, and of misrepresenting to Lincoln and its auditors the existence and location of such Lincoln Customer Records, Plaintiffs fear that, upon service of the Complaint, Ellis or LEI will immediately cause additional Lincoln Customer Records to be irretrievably destroyed.

10. For example, a key claim in the Complaint is that Ellis and LEI used an "Alice Report" and "A-Roll List" in the 1990's to perpetrate a fraud on Lincoln relating to a retirement

plan sponsored by Henry Ford Health System involving Lincoln variable annuities. (Cmplt. ¶¶ 20-38; Kaye Aff. ¶¶ 10-15.)

11. Plaintiffs reasonably believe that the referenced Alice Report and A-Roll List may be in the possession, custody, or control of Ellis and/or LEI, and that these documents would be destroyed by or at the direction of Ellis if the Court does not grant this Emergency Motion.

12. Furthermore, Plaintiffs reasonably believe that the "notes" data of Lincoln customers that were exported from the Lincoln-supplied client database software in approximately the Spring of 2003 (Kaye Aff. ¶26, bullet 9), will be destroyed — possibly remotely by Dalley through the use of the "kill button" capability that Ellis and LEI instigated — upon service of process in this action if this Emergency Motion is not granted.

13. These and other Lincoln Customer Records are the property of Lincoln, are important to its continued servicing of its customer accounts, and constitute potentially material evidence in this action.

14. This Emergency Motion is filed on an *ex parte* basis because to do otherwise would increase the likelihood that the very risk it is designed to avoid would materialize.

15. This Court has the authority to issue the requested *ex parte* Temporary Restraining Order for up to ten days, renewable for a like period. Fed. R. Civ. P. 65(b).

16. Plaintiffs will suffer immediate and irreparable injury, loss, or damage if the requested *ex parte* Temporary Restraining Order does not issue.

17. Ellis and LEI will not suffer any loss or harm from the granting of the requested *ex parte* Temporary Restraining Order, and this Court should therefore not require the posting of any security for same. Fed. R. Civ. P. 65(c).

18. As regards computer hard drives and data used by Ellis or LEI, Plaintiffs merely seek an Order preserving the status quo, *i.e.*, to prevent their permanent loss through destruction by Ellis and LEI. Plaintiffs' proposed Order (Ex. B, attached), accordingly, provides that such data will be maintained in a secured location and not reviewed by Plaintiffs or their counsel pending further order of this Court, in order to avoid any disclosure of privileged information.

19. To facilitate the production of documents material to Plaintiffs' anticipated motion for preliminary injunction as to its records (whether in electronic form or otherwise) in the possession of Defendants and others, Plaintiffs further request leave of this Court under Rule 26(d) to issue subpoenas for the production of those records with a seven-day return.

20. Lincoln will file a motion for preliminary injunction in advance of the hearing date set by the Court for that motion. In that motion, Lincoln will seek additional relief in the form of an order requiring that Defendants return to Lincoln all documents and records that are the property of Lincoln pending conclusion of the action.

WHEREFORE, Plaintiffs hereby respectfully request that this Court enter a Temporary Restraining Order substantially in the form of Exhibit B, attached.

Date: April 14, 2004

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: _____
John A. Ferroli (P35869)
Andrew J. McGuinness (P42074)
Sarah E. Heineman (P66202)
Attorneys for Plaintiffs
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI 49503-2306
(616) 776-7500

GR01\72963.2
ID\JAF