## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY, an Indiana
Corporation, and LINCOLN FINANCIAL
ADVISORS CORPORATION, an Indiana
corporation,

        Plaintiffs,

vs.

RODNEY D. ELLIS, a Michigan resident,
and LUCASSE, ELLIS, INC., a Michigan
corporation,

        Defendants.

Case No. 1:04-cv-0251

Hon. Richard Alan Enslen
U. S. District Judge

---

John A. Ferroli (P35869)
Andrew J. McGuinness (P42074)
Sarah E. Heineman (P66202)
DYKEMA GOSSETT PLLC
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI 49503-2306
(616) 776-7500

Attorneys for Plaintiffs

---

## **TEMPORARY RESTRAINING ORDER**

WHEREAS, Plaintiffs, The Lincoln National Life Insurance Company ("Lincoln Life") and Lincoln Financial Advisors Corporation ("Lincoln Financial") (collectively, together with their affiliates "Lincoln"), have filed a Complaint alleging Fraud, Breach of Fiduciary Duty, Conversion, Breach of Contract, and Tortious Interference against Defendants Rodney D. Ellis ("Ellis") and Lucasse, Ellis, Inc. ("LEI"), and

WHEREAS, Plaintiffs have filed their Emergency Ex-Parte Motion for Temporary Restraining Order, supported by the Affidavit of Marilyn A. Kaye-Kibbey and a supporting brief; and

WHEREAS, based upon review of the detailed allegations of the Complaint and the facts set forth in the Kaye Affidavit, and being fully advised in the premises, in order to preserve evidence and to maintain the status quo pending resolution of this matter,

THIS COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. This Court has jurisdiction over this matter based upon diversity jurisdiction.

2. It clearly appears, from specific facts shown by the Kaye Affidavit, that Plaintiffs will suffer immediate and irreparable injury, loss, or damage if this Order does not issue on an *ex parte* basis.

3. Specifically, this Court finds that there is a substantial and immediate risk that Defendants or their agents or those acting in concert with any of them, including, but not limited to, H. Scott Dalley, will destroy Lincoln customer files and records that Plaintiffs assert (a) are the property of Lincoln, (b) are important for the continued servicing of Lincoln customers, and (c) may constitute material evidence in this action. This Court further finds that Lincoln faces loss of customer trust and confidence if it is unable to maintain its customer files and records and to preserve the confidentiality of such files and records, and that such loss is irreparable.

4. Plaintiffs have established a likelihood of success on the merits of their contract and conversion claims.

5. Defendants will not be unduly harmed by the issuance of this Order. Accordingly, Plaintiffs shall not be required to post bond in connection herewith.

6. The public interest will be served by the issuance of this Order, in that it will further the preservation of the confidentiality of Lincoln's customer files and promote the goals of the Gramm-Leach-Bliley Act.

7. Rodney D. Ellis and Lucasse, Ellis, Inc., all officers, owners, employees, principals, and agents of either of them, including but not limited to H. Scott Dalley, and all persons or entities acting in concert with any of them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from deleting, erasing, destroying, shredding, secreting, removing, modifying, overwriting, replacing, or "wiping," any files, records, images (computer or otherwise), data, accounts, information, or documents constituting or referring or relating in any way, directly or indirectly, to present or former customers of The Lincoln National Life Insurance Company, Lincoln Financial Advisors Corporation, or any other affiliate of either of them (hereinafter, "Lincoln Customer Records"), in such person's or entity's possession, custody, or control, including those Lincoln Customer Records that they have the effective power to obtain.

8. Rodney D. Ellis and Lucasse, Ellis, Inc., all officers, owners, employees, principals, and agents of either of them, including but not limited to H. Scott Dalley, and all persons or entities acting in concert with any of them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from deleting, erasing, destroying, shredding, secreting, removing, modifying, overwriting, replacing, or "wiping," any files, records, images (computer or otherwise), data, accounts, information, or documents constituting or referring or relating in any way, directly or indirectly, to (i) financial records (including payments made or received) of or relating to Lucasse, Ellis, Inc., Rodney D. Ellis, Summit Managed Investments, LLC, Marilyn A. Kaye-Kibbey, any present or former employee or independent contractor

compensated by Lucasse, Ellis, Inc., or Summit Managed Investments, LLC, and (ii) Henry Ford Health Systems present or former employees with investments in or accounts with Lincoln Financial or Lincoln Life or any affiliate of either of them as part of any Henry Forth Health System sponsored retirement plan.

9. Rodney D. Ellis and Lucasse, Ellis, Inc., all officers, owners, employees, principals, and agents of either of them who receive actual notice of this Order by personal service or otherwise, including but not limited to H. Scott Dalley, and all persons or entities acting in concert with any of them, are hereby ordered immediately upon service of this order to make available to a computer/data consultant retained by Plaintiffs all hard drives and other magnetic, optical or electronic media in the possession, custody, or control of any of them, including those hard drives and other magnetic, optical, or electronic media that they have the effective power to obtain, which contain any Lincoln Customer Records, for prompt non-destructive copying at Plaintiffs' expense. Plaintiffs shall minimize disruption to the producing person's business to the extent practicable. Plaintiffs shall return all hard drives and other magnetic, optical, or electronic media supplied pursuant to this Order within 24 hours, or such longer time as may be stipulated to or ordered by this Court. Plaintiffs' computer consultant shall maintain the copied data in a secure, locked location, and shall not review or inspect the data copied, or show it to Plaintiffs or their attorneys, until further order of this Court.

10. Rodney D. Ellis and Lucasse, Ellis, Inc., all officers, owners, employees, principals, and agents of either of them, including, but not limited to, H. Scott Dalley, and all persons or entities acting in concert with any of them who receive actual notice of this Order by personal service or otherwise, are hereby ordered immediately upon service of this order to provide for prompt copying of, at Plaintiffs' expense, (i) any and all "notes" data, files or records of present

or former customers of any Lincoln affiliate, and (ii) any and all "Alice Reports," "A-Roll" lists, and any other documents relating to any contemplated or processed change-in-employment status for any employees of the Henry Ford Health System with an account at any Lincoln affiliate.

11. Plaintiffs are hereby authorized to issue subpoenas pursuant to Federal Rule of Civil Procedure 45 returnable on seven days notice for documents or things that may be properly discoverable under the Federal Rules of Civil Procedure.

12. There will be a hearing on April  22 , 2004, at  10 am.   for the purpose of determining whether to grant a preliminary injunction in this matter. Plaintiffs shall serve defendants with a copy of the Temporary Restraining Order, along with the summons and complaint, no later than April 19, 2004.

13. This Order shall remain in effect for ten days of its entry on the docket, exclusive of weekends and holidays, or until further Order of this Court.

SO ORDERED.

By: /s/ Robert Holmes Bell
for Richard Alan Enslen
U.S. District Judge

Date: April 15, 2004 at 12:45 p.m.